Benigno Rodríguez Pietri, demandante y apelante, *v.* María Concepción Irizarry, demandada y apelada.

No. 6068.—*Sometido:* Mayo 18, 1933. *Resuelto:* Julio 28, 1934.

*López de Tord & Zayas Pizarro,* abogados de los apelantes; *F. Parra Capó* y *F. Parra Toro,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este caso envuelve un supuesto incumplimiento de contrato. La corte dictó sentencia en favor de la demandada. Hallamos en los autos una demanda, una demanda enmendada y una segunda demanda enmendada, sin razón aparente para que no se eliminaran las alegaciones anteriores. El demandante alega substancialmente que había comprado de la demandada, por conducto de su apoderado, la cosecha de chinas de cierta finca durante el período de 1929 a 1930; que el demandante pagó el precio de la compraventa mediante la entrega a la demandada de un cheque por la suma de $500 y dándole un crédito de $500 por provisiones adquiridas en el establecimiento del demandante; que la demandada permitió que el demandante pusiera en la finca a una persona de su confianza para que inspeccionara la recolección de la cosecha; que cuando el demandante se preparaba para recoger las chi-

nas para la exportación, la demandada se negó a permitir que el demandante, o cualquiera otra persona en su nombre, entrara en la finca a recolectar las frutas, ocasionando así daños y perjuicios al demandante ascendentes a $1,000 como precio de la compraventa y a $10,000 por las utilidades dejadas de percibir.

Entre otras alegaciones, la defensa principal fué la negativa por información y creencia de que jamás se celebrara con el demandante contrato alguno de compraventa de chinas. La verdadera contienda giró sobre el hecho de que el contrato de venta que se suponía haber sido otorgado por el apoderado no constaba por escrito o en documento auténtico, según las exigencias del Artículo 1232 del Código Civil (Ed. 1930) como fué enmendado por la ley No. 65 de 1912 (pág. 113).

La demandada admitió en su efecto total el recibo de los $500 por su cuenta y el pago de los $500 en provisiones, tal cual se describe en la demanda. Ella sostuvo, sin embargo, que los $1,000 no representaban el precio anticipado de una venta de frutas, sino que eran un préstamo refaccionario que debía ser abonado al precio pagado por las frutas en caso de que el demandante fuera el adquirente de las mismas o devuéltole en caso de que éstas fuesen compradas por un tercero. El caso fué a juicio; el demandante ofreció prueba tendente a sostener las alegaciones de su demanda; la demandada presentó una moción de *nonsuit* que la corte declaró con lugar.

Dado el hecho de que la demandada admitió el recibo de la suma de $1,000, o su equivalente, la lucha entre las partes giró sobre la naturaleza del contrato existente entre ellas. De acuerdo con la prueba aducida, la demandada admitió que había un contrato otorgado a su nombre por su hijo, o ella ratificó el mismo. Por consiguiente, el demandante tenía derecho a tratar de probar un caso prima facie, demostrando la naturaleza del contrato. Él hizo esto prima facie, conforme hemos dicho, y la moción de *nonsuit* debió haberse declarado sin lugar. La cuestión de si el contrato había sido celebrado

o no por escrito por el apoderado desaparece del caso, y la única cuestión que realmente queda por determinar es si el demandante y sus testigos merecían crédito, o quizá los que presentara la demandada.

*Por tanto, la sentencia debe ser revocada en la forma solicitada y devolverse el caso a la corte de distrito para ulteriores procedimientos no inconsistentes con esta opinión.*